UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:96-cr-27-FtM-22D

RONALD GREGORY FARAH

_____

**OPINION AND ORDER**

This matter comes before the Court on two matters: (1) defendant's Notice to Court (Doc. #705) filed on January 22, 2008, which the Court construes as a motion pursuant to 18 U.S.C. § 3582(c), and (2) defendant's Notice to the Court to Direct the Prosecutor's Duties (Doc. #707), which the Court construes as a petition for a writ of mandamus.  For the reasons set forth below, both motions are denied.

Defendant argues that a recent amendment to the Sentencing Guidelines would result in a reduction of his sentence, and therefore he should be re-sentenced.  Amendment 709 to the U.S. Sentencing Guidelines impacted the calculation of a defendant's criminal history in certain circumstances.  However, only amendments listed under § 1B1.10(c) of the Sentencing Guidelines, and having the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under 18 U.S.C. § 3582(c).  United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).  Amendment 709 is not listed in §

1B1.10(c) of the Sentencing Guidelines, and therefore may not be utilized to reduce defendant's sentence.  Id.  Accordingly, this motion is denied.

Defendant's next notice asserts that the prosecution knows he had nothing to do with the offenses of conviction, and therefore the court should compel the prosecutor's to dismiss.  The Court treats this as a request for a writ of mandamus, there being no other possible basis for jurisdiction.  A writ of mandamus is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion.  Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997).  A defendant must show both that he lacks adequate alternative means to obtain the relief sought and carry the burden of showing that his right to issuance of a writ is clear and indisputable.  Mallard v. United States Dist. Court for S.D. of Iowa, 490 U.S. 296, 309 (1989); In re Am. Airlines, Inc., 972 F.2d 605, 608 (11th Cir. 1992), cert. denied, 507 U.S. 912 (1993).  Defendant has shown neither in this case, and therefore the motion is denied.

Accordingly, it is now

**ORDERED**:

1. Defendant's Notice to Court (Doc. #705) filed on January 22, 2008, which the Court construes as a motion pursuant to 18 U.S.C. § 3582(c), is **DENIED.**

2. Defendant's Notice to the Court to Direct the Prosecutor's Duties (Doc. #707), which the Court construes as a petitioner for a writ of mandamus, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of March, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Ronald Gregory Farah