UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:96-cr-27-FtM-29DNF

RONALD GREGORY FARAH
_____

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Fix the P.S.I. and False Reports (Doc. #786) filed on November 16, 2015.  Because the Court has no jurisdiction, defendant's motion is dismissed.

After a jury trial, defendant was sentenced on April 30, 1997, to life imprisonment (Doc. #313).  Defendant's convictions and sentences were affirmed on direct appeal in 2000 (Doc. #585), and his petition under 28 U.S.C. § 2255 was denied in July, 2003.  Multiple post-conviction motions were also denied, including defendant's prior requests to correct information in the Presentence Investigation Report (PSI).  (Docs. ## 737, 743.)  Defendant now reports that the Clemency Project 2014 has declined to provide him the assistance of a clemency trained attorney because he did not meet its criteria, which included having no history of violence prior to or during his current term of incarceration.  Defendant asserts that this conclusion was based

upon false information in the original PSI, and seeks a hearing to correct that information. Specifically, defendant asserts that his prior conviction in Ohio did not involve violence on his part, and the judge struck the information from the record at sentencing but it still appears in the PSI. Read liberally, defendant continues to challenge whether his prior convictions were part of the same conspiracy charged in the federal indictment, and asserts that his case simply involved friends getting together selling small amounts of cocaine and marijuana independent of any organization, gang or cartel. Defendant also asserts that he was not a leader but simply "the monkey in the middle."

Whether a district court has subject matter jurisdiction is a question of law. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). Although defendant's motion does not identify a source of authority pursuant to which he seeks relief, federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

There is no basis upon which the district court has jurisdiction to resolve defendant's issues 18 years after defendant was sentenced. District courts do not have authority to modify a prisoner's sentence, except to the extent provided by

the federal statutory provisions controlling sentencing and the Federal Rules of Criminal Procedure. Diaz-Clark, 292 F.3d at 1315-18. Title 18, United States Code, Section 3582(c)(1)(B) provides that a district court may not modify a term of imprisonment once it has been imposed unless such modification is "expressly permitted by statute" or by Federal Rule of Criminal Procedure 35. Nothing in Rule 35 applies to defendant's situation. Generally, if there is incorrect information in the PSI to which a defendant had objected, his remedy was a direct appeal, a motion under § 2255, or a motion under 28 U.S.C. § 2241 if the information is used by the Bureau of Prisons. United States v. Peloso, 824 F.2d 914, 915 (11th Cir. 1987).

Here, defendant filed a direct appeal which either did not raise such claims or raised claims which were resolved against defendant. Additionally, defendant filed a § 2255 motion. A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or a correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Defendant has not obtained this authorization, and therefore the district court lacks jurisdiction to consider the matter under § 2255 motion. See United States v. Greenwood, 322 F. App'x 693, 695 (11th Cir. 2009).

Section 2241 does not apply because the information was used by the Clemency Project 2014, not the Bureau of Prisons. Clemency Project 2014 has been described as "a working group composed of Federal Defenders, the American Civil Liberties Union, Families Against Mandatory Minimums, the American Bar Association, and the National Association of Criminal Defense Lawyers." United States v. Holloway, 68 F. Supp. 3d 310, 317 (E.D.N.Y. 2014). Additionally, considering the motion under § 2241 would be fruitless because those issues to which objections were made have been resolved against defendant and defendant may not raise issue to which no objections were made. Peloso, 824 F.2d at 915. Further, the record of the sentencing transcript establishes that the sentencing judge made no findings inconsistent with the PSI which are being considered by the Bureau of Prisons. (Given the age of the case, the Court will direct the Clerk of Court to scan the sentencing transcript into the record.) No other statute or rule provides a district court with a jurisdictional basis to consider defendant's motion to correct a PSI.

Accordingly, it is hereby

**ORDERED:**

1. The Clerk of the Court shall scan the April 30, 1997 sentencing transcript (Doc. #355) into the record of this case.

2. Defendant's Motion to Fix the P.S.I. and False Reports (Doc. #786) is **DISMISSED.**

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of December, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Ronald G. Farah